# Elliott *v.* Prudential Insurance Company of America, Appellant.

*Insurance—Death of insured—Presumption of death—Liability on policy.*

The presumption of death, arising from an unaccounted absence of a person for seven years, must be taken to run exclusively from the termination of the prescribed period.

In an action to recover the amount due on an insurance policy, a verdict for the plaintiff will be sustained, where evidence is produced that the insured had been absent and unheard of for a period over seven years, and the presumption of death stands as competent and satisfactory proof, until it is successfully rebutted by competent evidence to the contrary.

*Res adjudicata—Identical issue—Question not decided in former suit.*

In an action on an insurance policy, the fact that, in a suit on the same policy brought three years previously, judgment had been entered in favor of the defendant non obstante veredicto, does not establish that the case was res adjudicata, when the issue in the former suit was whether or not the death of the insured had been properly proven. In the second proceeding the death of the insured was established by presumption through the lapse of time, and the failure to recover in the former suit, because of inability to prove the death of the insured, would not be a bar to recovery in the second action.

In applying the principle of res adjudicata, the inquiry is not always, perhaps, as to the identity of the cause of action, but as to the identity of the matter in issue; and the matter in issue is not what comes collaterally or incidentally in controversy under

the evidence, but what is essentially and directly in issue in the cause.

Argued October 14, 1920.  Appeal, No. 114, Oct. T., 1920, by defendant from judgment of C. P. No. 4, Phila. Co., June T., 1918, No. 1128, on verdict for plaintiff in the case of Martha Elliott (Mattie Norris) v. Prudential Insurance Company of America.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a policy of insurance    Before McCULLEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,062.50, the jury finding specially that the insured died October 17, 1916.  Judgment was entered on the verdict.  Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Henry Arronson,* and with him *Frederick J. Shoyer,* for appellant.—There was not sufficient proof of death of the insured: New York L. I. Co. v. Brame, 112 Miss. 828; 25 Cyc. 939; 25 Cyc. 951; Baker v. Fidelity, etc., Co., 55 Pa. Superior Ct. 15; Maley, Exrx., v. P. R. R. Co., 258 Pa. 73.

The issue before the jury was res adjudicata: Washington Natl. Bank, 122 Pac. 606; Sweeney v. Waterhouse & Co., 43 Wash. 613, 617, 86 Pac. 946.

*Samuel L. Borton,* and with him *Frank B. Stockley,* for appellee.—The death of the insured was satisfactorily established and the plaintiff was entitled to recover on the policy: O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Superior Ct. 434; Travellers Ins. Co. v. Shepherd, 85 Ga. 751, 25 Cyc. 939.

The issues in the former suit and the one at bar were not identical and the doctrine of res adjudicata had no application: Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 365; Parks v. Penna. Clay Co., 60 Pa. Superior Ct. 572; 2 Bouvier, Rawle's Edition, 898; Pennybaker v. Parker, 33 Pa. Superior Ct. 461; Carmony v. Hoober, 5 Pa. 305; Coleman's App., 62 Pa. 252; Cavanaugh v. Buehler, 120 Pa. 441; Reading Co. v. Spink, 263 Pa. 448.

OPINION BY PORTER, J., March 5, 1921:

This action is brought upon a policy issued by the defendant company upon the life of William J. Norris, in which the plaintiff, who was then the wife of Norris, was named as beneficiary. The plaintiff in her statement averred that William J. Norris had been absent from his last place of residence since October 17, 1909, and that he had since that date not been heard from and that, although diligent search had been made, no tidings of him had been obtained, and that, therefore, under the provisions of the statute, the insured was presumed to have died on October 17, 1916. She averred that the premiums of insurance had been paid and all the conditions of the policy complied with. The defendant company filed an answer denying that the insured had been unheard of for seven years and averring that he had been alive as late as March, 1913. The answer further averred that the plaintiff, on November 11, 1913, had brought an action on this policy in the Court of Common Pleas No. 3 of Philadelphia County, that in said action a verdict was rendered in favor of the plaintiff on October 6, 1915; that on December 21, 1915, the said court entered judgment in said action in favor of the defendant non obstante veredicto and that the matter is now res adjudicata. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The evidence produced by the plaintiff disclosed that the insured left his home in Philadelphia October 2,

1909, to take a position as a strike breaker in New Castle, Pennsylvania; that his relations with his wife and family had been amicable; that he sent a postal card to his wife when his train reached Pittsburgh, advising her of his safety thus far upon his journey; that on October 5th, 6th, and 15th he wrote affectionate letters to his wife, the last being received on October 17, 1909, and that from that date he never afterwards was heard from, although his wife caused advertisements to be inserted in newspapers in Pittsburgh and New Castle, inquiries to be made through the labor union of which he was a member and herself went to Chicago and spent a considerable period of time there endeavoring to obtain some tidings of her husband. The defendant made no serious attempt to contradict this testimony. The three letters which the insured wrote to the plaintiff during the first few days after his arrival at New Castle were offered in evidence and each of them indicated that the insured entertained affection for his wife and children and was anxious concerning their welfare. The evidence was certainly sufficient to warrant a finding that the insured had been absent and unheard of for seven years, that period expiring on October 17, 1916. The presumption of death arising from an unaccounted absence of a person for seven years must be taken to run exclusively from the termination of the prescribed period, so that the person must be taken to have then been dead, and not before: Baker v. Fidelity Title & Trust Co., 55 Pa. Superior Ct. 15; O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Superior Ct. 434. The presumption that the insured was dead, if the evidence produced by the plaintiff was true, as the jury found it to be, arose with the expiration of the day October 17, 1916.

This plaintiff continued to pay the premiums on the policy and it is not suggested by the defendant that the policy had lapsed or that there had been a forfeiture because of the nonpayment of premiums. The plaintiff, having come to the conclusion that her husband must

have been killed during the disturbances connected with
the strike at New Castle, brought an action, in 1913, on
the policy in the court of common pleas No. 3, averring
that the insured was actually dead. The defendant of-
fered in evidence the record in that proceeding, con-
tending that it was conclusive of the rights of the par-
ties. The defendant company, appellant, has properly
printed in its paper-book the entire record, as well as
the evidence produced at the trial in the former case.
That record and the opinion of the court, in entering
judgment in favor of the defendant non obstante vere-
dicto, clearly establish that there was no question raised
concerning the validity of the policy as a contract of the
defendant, nor as to the rights of the plaintiff under the
policy, which were to accrue upon the death of the in-
sured, no matter at what time that event might happen.
The only fact in dispute in that case was whether the in-
sured was actually dead. The burden was upon the
plaintiff to prove the actual death. It was not asserted
that the insured had been seen or heard of subsequently
to October 17, 1909, that fact was not in controversy,
but he had not then been absent for seven years and no
presumption of his death had arisen. The plaintiff had
taken out letters of administration upon the estate of the
insured, and those letters were the only evidence of his
death offered at the trial. The court being in doubt as to
whether the letters were evidence of the death of the in-
sured, as against this defendant, directed the jury to
render a verdict in favor of the plaintiff, refusing a point
for binding instructions in favor of the defendant. The
learned judge, upon full consideration of the question,
arrived at the conclusion that the letters of administra-
tion were not sufficient evidence of the actual death of
the insured to warrant a finding against defendant, and
entered judgment in favor of the defendant non obstante
veredicto. That judgment, under the issue arrived at
by the pleadings, was not a determination that the con-
tract was not a valid obligation of the defendant com-

pany, nor did it determine that this plaintiff was not entitled to recover upon the event of the death of the insured. All that it did determine was that the insured was not then dead. "Whenever a judgment in a former suit is relied on as conclusive in another, it may be shown by evidence aliunde, not inconsistent with the record, that the particular point was not adjudicated, if in law judgment could have been rendered on any other": Coleman's App., 62 Pa. 252. "In applying the principle of res judicata, the inquiry is not always, perhaps, as to the identity of the cause of action, but as to the identity of the matter in issue; and the matter in issue is not what comes collaterally or incidentally in controversy under the evidence but what is essentially and directly in issue in the cause: Cavanaugh v. Buehler, 120 Pa. 457; Weigley v. Coffman, 144 Pa. 489. "Res adjudicata concludes only the fact or facts expressly and distinctly decided, and those which might have been averred and proved to defeat or qualify those expressly and distinctly decided": Reading Co. v. Spink, 263 Pa. 445. The plaintiff brought her action in the court of common pleas No. 3 before the happening of the event upon which her right to recover depended. There is no difference, in principle, between such a case and that of a plaintiff who brings an action on a promissory note before it is due. The latter cannot recover in that action, but he does not thereby forfeit his right to recover after the maturity of the note. When one holding an estate in remainder, after a life estate, in land, brings an action of ejectment against the tenant of the holder of the life estate, upon a false rumor of the death of the latter, he cannot recover in that action, but he does not thereby forfeit his estate in remainder. The judgment of the court of common pleas No. 3, in the former action between these parties, was not, under the pleadings in that case and the undisputed facts, res adjudicata of the rights of these parties in the present action.

The judgment is affirmed.