Goerges et ux. *v.* Reading Company (et al., Appellant).

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*William H. Neely,* with him *Lewis S. Kunkel,* for appellant.

*John T. Brady,* for appellees.

OPINION BY DITHRICH, J., April 13, 1948:

Plaintiffs brought this action in trespass against the Reading Company to recover damages for personal injuries suffered as a result of a fall by the wife plaintiff on the sidewalk of the defendant's premises on Chestnut Street between 17th and 18th Streets in the City of Harrisburg.

The statement of claim alleged, inter alia, that defendant was negligent in failing to fill in a trench that had been opened on its property, thereby creating a depression in the sidewalk. The Reading Company, proceeding under Rule No. 2252 of the Rules of Civil Procedure, joined Samuel C. Wagner as an additional defendant, claiming liability over for the whole of any amount which might be recovered against it. The claim of liability over was based on the fact that the additional defendant, without the knowledge or consent of the original defendant, had dug the trench in connection with the reconstruction of a water pipe line leading to his property and had failed to replace the concrete pavement and restore the sidewalk to the safe and proper condition it was in prior to the digging of the trench. Failure to replace the concrete was admitted by the additional defendant.

The jury found against both defendants. The Reading Company had submitted the following point for charge: "Under all the evidence in the case if the jury find in favor of the plaintiff against the defendant, the additional defendant, Samuel G. Wagner, is liable over to the defendant in the full amount of the verdict in favor of the plaintiff." The point was reserved by the court. After the verdicts the additional defendant filed a motion for judgment n. o. v. and the original defendant filed a motion for judgment against the additional defendant on the point reserved by the court. After argument the court en banc refused the motion of the additional defendant and directed that judgment be entered against

him for the full amount of the loss sustained by the Reading Company.

The learned lower court was ". . . of opinion that the failure of Wagner to do what a cautious and prudent man should have done was a causative factor of this accident." Appellant contends that was a question for the jury and for the jury alone. While conceding that "where all of the facts are admitted, the question of proximate cause is a question that the court can decide as a matter of law," appellant insists that there were disputed questions of fact in this case. That is true as between plaintiffs and the defendants, but not as between the additional defendant and the original defendant. The learned court held that ". . . as between the Reading Company and Wagner, Wagner had the duty of not only filling the trench but restoring the concrete. This he failed to do." That is admitted. The court continued: "The question is whether these circumstances make an exception to the general rule that there is no right to contribution between joint tortfeasors."

Appellant takes the position that, since at most he is a joint tortfeasor, he cannot be held liable over to the other joint tortfeasor for the full amount, but at most for a fifty per cent contribution.

"Generally speaking, it is true that one of two joint tort-feasors can not maintain an action against the other for contribution or indemnity but this does not apply in a case where the unlawful act is done by one person and the other does not join therein but is thereby exposed to liability. In cases of that character the parties are not equally culpable as to each other though each may be liable to third parties. The principle is clearly stated in Fowler v. Jersey Shore Boro., 17 Pa. Superior Ct. 366. The same principle is considered in Philadelphia Co. v. Central Traction Co., 165 Pa. 456, and is the doctrine on which the Borough of Brookville v. Arthurs, 130 Pa. 501, was decided. It is thus stated in Scott v. Curtis, 195 N. Y. 424: *'The liability of the owner of real prop-*

*erty for injury to a passerby for negligence in covering or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts. The liability to the passerby is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally therefor' "*: *Reymer v. Consolidated Ice Company,* 67 Pa. Superior Ct. 468, 471. (Emphasis added.)

The general rule, that there is no right to indemnity as between joint tortfeasors, is subject to many exceptions or limitations. 42 C. J. S. Indemnity § 27 (a) and (b) ; 27 Am. Jur. Indemnity § 18. "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition": Restatement, Restitution, Title C. Indemnity and Contribution Between Tortfeasors, § 95. In the notes to this section, page 152, it is noted that the rule applies to a situation ". . . where a person is under a duty to maintain premises in safe condition and another person by a negligent act causes them to be unsafe, with the result that a third person is damaged thereby." In such a situation ". . . if the first person has settled a valid claim in favor of the injured person, he is entitled to indemnity from the other in spite of his own negligence, unless after knowledge of the risk, he recklessly imperils the injured person, or unless he consents to the continued existence of the dangerous condition thereby making it his own."

The learned court below held that "Wagner created the situation, and, while the railroad company was, as between Mrs. Goerges and it, liable because the jury

found that it had constructive notice, yet there was no evidence of actual knowledge of the risk or actual consent to the dangerous condition which Wagner created. . . . the evidence as to what Wagner did and what the Reading Company did was not contradicted so far as the sidewalk was concerned, and the question was one of law as to the liability of Wagner over to the Reading Company . . ." Under the admitted facts in this case it was the duty of the court to decide the question of proximate cause. Restatement, Torts, Causation § 434.

Judgment affirmed.