## Diehl *v.* Fidelity-Philadelphia Trust Company (et al., Appellant).

Argued March 23, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Benjamin O. Frick*, for defendant insurance company, appellant.

*Michael A. Foley*, for defendant trust company, appellee.

OPINION BY DITHRICH, J., July 15, 1949:

The controlling question raised on this appeal is whether the discharge of a rule for indemnity taken by one of two joint tortfeasors is res judicata of a rule for contribution between the same parties. The court below held that it was not and made the rule absolute. The order will be affirmed.

Plaintiff in this action in trespass recovered a verdict against both defendants for personal injuries sus-

tained as a result of a fall on the sidewalk of a building owned by Fidelity-Philadelphia Trust Co., hereinafter called Fidelity. Steam from an exhaust head on a building owned by Metropolitan Life Insurance Company of New York, hereinafter called Metropolitan, was condensed and lodged as ice on the sidewalk of the other defendant. Both defendants moved for judgment n. o. v. The lower court granted the motion of Metropolitan and refused the motion of Fidelity. On appeal this Court found that the defendants were concurrently negligent and, consequently, jointly and severally liable. We, accordingly, reversed the entry of judgment n. o. v. in favor of Metropolitan and affirmed the judgment against Fidelity. *Diehl v. Fidelity-Philadelphia Trust Company,* 159 Pa. Superior Ct. 513, 49 A. 2d 190.

Plaintiff issued execution against Fidelity alone. Fidelity paid the full amount of the judgment and subsequently entered a rule on Metropolitan to show cause why the judgment should not be marked to its use on the theory that the liability of Metropolitan was primary and that of Fidelity secondary. The rule was properly discharged. Fidelity then entered a rule for one-half the amount of the judgment and the costs of printing on the appeal. That rule was made absolute and is the basis of this appeal.

Fidelity's claim for contribution is based on the Act of June 24, 1939, P. L. 1075, §1, 12 PS §2081: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary." Cf. *Trerotola v. Philadelphia,* 346 Pa. 222, 29 A. 2d 788. Prior to *Goldman v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231, there was no contribution between joint tortfeasors. The rule was modified by the decision in that case so as to limit its application to cases where there had been an intentional violation of the law, or where the wrongdoer knew, or was presumed to know, that the

act was unlawful; and contribution among joint tort-feasors has since then been allowed except in circumstances where it would be inequitable. The passage of the Act aforesaid was in effect a confirmation of the action of the Supreme Court in *Goldman v. Mitchell-Fletcher Co.,* supra. And in *Anstine v. Pennsylvania Railroad Co.,* 352 Pa. 547, 43 A. 2d 109, it was held that contribution among joint tortfeasors having originated in equity may be enforced by the application of equitable principles.

". . . in order that the res judicata rule may be successfully invoked, the issue claimed to be settled must have been directly involved in the case and must have been *decided as a necessary part of the decision:* [citing cases] and not be something incidentally cognizable: Forcey's App., 106 Pa. 508; Jackson v. Thomson, 215 Pa. 209 [64 A. 421]": *Machen v. Budd Wheel Co.,* 294 Pa. 69, 84, 143 A. 482, 487. (Italics supplied.)

In the former rule involving the right of indemnity, it was not necessary for the court to decide, nor did it decide, the issue raised on the present rule involving the right of contribution. There is a substantial difference between the two. 13 Am. Jur., Contribution, §2; 27 Am. Jur., Indemnity, §2; *Fisher v. Diehl,* 156 Pa. Superior Ct. 476, 40 A. 2d 912.

"In applying the principle of res judicata, the inquiry is not always, perhaps, as to the identity of the cause of action, but as to the identity of the matter in issue; and the matter in issue is not what comes collaterally or incidentally in controversy under the evidence, but what is essentially and directly in issue in the cause": *Cavanaugh v. Buehler,* 120 Pa. 441, 457, 14 A. 391, 393; *Commonwealth, to use, v. Comrey,* 174 Pa. 355, 34 A. 581; *Commonwealth ex rel. v. Kelly,* 287 Pa. 139, 134 A. 514; *Fisher v. Paff,* 11 Pa. Superior Ct. 401; *Pennsylvania Laundry Co. v. Land Title & Trust Co.,* 74 Pa. Superior Ct. 329; *Elliott v. Prudential Insurance*

*Co. of America,* 76 Pa. Superior Ct. 534; *Wooden v. Reese and Sheriff,* 77 Pa. Superior Ct. 162.

There is nothing in Metropolitan's position that would entitle it to judgment on equitable principles. It takes the position that the failure of Fidelity to remove the ice from its sidewalk for approximately forty-five minutes following notice of the dangerous condition was an intentional violation or an unlawful act knowingly done. It relies in large part on Restatement, Restitution, §95, which provides, in part, that: "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition . . . he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, *he acquiesced in the continuation of the condition.*" (Italics supplied.) In Comment a, paragraph 3, it is stated: "The fact that the payor knew of the existence of the dangerous condition is not of itself sufficient to bar him from restitution. In many cases it is only because he had knowledge of the condition that he is liable to the person harmed." He would, however, be liable if he "not only knew of the condition but acquiesced in its continuance." In our judgment it would be inequitable to hold that knowledge or constructive notice for a period of forty-five minutes would be such acquiescence in the continuance of the dangerous condition as to bar the payor from contribution.

Only one other matter remains to be disposed of and that is the claim of Fidelity for the costs of printing on the former appeal. It is true that Fidelity appealed not only from the entry of judgment n. o. v. in favor of Metropolitan, but also from the refusal of its motion for judgment n. o. v.; however, the latter appeal was not pressed and its brief of argument was devoted solely to the assignment of error in respect of the judgment in favor of Metropolitan.

The order is affirmed.