Helen EADES, Administratrix of the Estate of Joe Carroll Eades, Plaintiff-Appellee,

v.

UNION RAILWAY COMPANY, Defendant and Third-Party Plaintiff-Appellee,

v.

SWIFT & COMPANY, Third-Party Defendant-Appellant.

No. 17512.

United States Court of Appeals Sixth Circuit.

April 12, 1968.

Rehearing Denied July 26, 1968.

William M. Fitzhugh, Memphis, Tenn., Evans, Petree, Cobb & Edwards, Memphis, Tenn., on brief, for Swift & Co.

James W. McDonnell, Jr., Memphis, Tenn., Canada, Russell & Turner, Memphis, Tenn., of counsel, for Union Ry. Co.

Before O'SULLIVAN, McCREE, and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court that the Union Railway Company is entitled to indemnification by Swift & Company for the damages awarded to Helen Eades in a suit brought by her against the railroad for negligently causing the death of her husband.

Mr. Eades was crushed to death between the Union train and the wall of a

Swift feed mill. The clearance between the track and the wall was particularly narrow, and Swift and Union had entered into an agreement which provided as follows:

6. Shipper shall not erect or maintain, or allow to be erected or maintained, any building, structure or fixture, or place or store, or allow to be placed or stored, material of any kind, adjacent to or over said track at distances less than those prescribed by lawful authority; and in no event shall any such building, structure, fixture or material be erected, maintained, placed or stored within eight and one-half (8½) feet of the center line of said track or at a height of less than twenty-three (23) feet above the top of the rails of said track; except as to wires, the overhead minimum clearance of which shall be in accordance with specifications of the current National Electrical Safety Code, and in no case less than twenty-seven (27) feet above the top of the rails of said track, except, however, Shipper shall have the right to maintain its existing facilities adjacent to said track with lateral and overhead clearance less than those above prescribed, all as more particularly indicated on the attached blue print, [including the clearance involved in this case] upon the express condition, however, that Shipper shall, at Shipper's cost, erect and maintain suitable warning signs at points satisfactory to Railway Company for the purpose of warning employees of Railway Company of the location and proximity of said facilities to said track. Shipper shall protect, indemnify and save harmless Railway Company against all loss, damage and expense in consequence of death of or injury to persons, whomsoever, and loss or destruction of or damage to property whatsoever, caused or contributed to by reason of the violation by Shipper of any of the provisions of this paragraph or by reason of the existence, maintenance, use or operation of shipper's said existing facilities with lateral or overhead clearances as indicated on attached blue print.

The District Court held that under this agreement Union Railway Company was entitled to be indemnified even though the damages were the result of the railroad's sole negligence.

■ ■ Subsequent to the District Court's decision, we had occasion to consider a similar indemnity provision in *Brogdon v. Southern Railway Co.*, 384 F.2d 220 (1967) and in *Southern Railway Co. v. Foote Mineral Co.*, 384 F.2d 224 (1967). That provision read as follows:

The party of the second part will, moreover, indemnify and save harmless the Railway Company from and against the consequences of any loss of life, personal injury, or property loss or damage which may be caused by, result from, or arise by reason of or in connection with, any limited or restricted clearances for said industrial tracks.

Tennessee law was controlling in *Brogdon,* as it is here. We held in *Brogdon* that the law of Tennessee requires clear and unambiguous language if a contractual provision is to be regarded as indemnifying against the indemnitee's own negligence. *Kroger Co. v. Giem,* 215 Tenn. 459, 387 S.W.2d 620 (1964). The language in the *Brogdon* provision was held not to have met this requirement and we find no significant distinction between the *Brogdon* provision and that involved here.

The judgment of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.