Mixter *v.* Mack Trucks, Inc. (et al., Appellant).

314

*Michael W. Burns,* with him *Wilbur McCoy Otto,* and *Dickie, McCamey & Chilcote,* for appellant.

*John David Rhodes,* with him *Ralph A. Davies,* and *Thomson, Rhodes & Grigsby,* for appellee.

OPINION BY JACOBS, J., June 14, 1973:

This case involves the right to indemnification between the seller of a defective chattel and one who has made repairs to such chattel where both have become liable for injury to a third party—the seller by virtue of absolute liability under §402A of the Restatement

(Second) of Torts[1] and the other because of negligent repairs. The court below held that the seller was entitled to indemnification, and we affirm.

On June 16, 1967, plaintiff purchased a used tractor from Mack Trucks, Inc., the appellee. On September 3, 1967, plaintiff removed the right front tire and rim assembly from the tractor to replace a stud. While removed, the tire and rim assembly exploded, seriously injuring the plaintiff. Plaintiff sued Mack, contending that the rim on the right front wheel assembly was defective. Prior to the sale to plaintiff, Mack had purchased new tires and tubes for the tractor from Montgomery Ward & Co., Inc., who had installed the new tubes and tires on the old rim assembly. Mack joined Montgomery Ward as an additional defendant, alleging any defect was caused or concealed by Montgomery Ward.

The case against Mack was submitted to the jury on the strict liability of a seller under §402A of the Restatement (Second) of Torts and the case against Montgomery Ward was submitted on common law negligence. The jury returned a verdict against both Mack and Montgomery Ward which was paid in equal shares by both defendants. The question of indemnity was not submitted to the jury and by stipulation and court order it was agreed that the question would be submitted to the court on the record. Thereafter, Judge SILVESTRI for the court below awarded indemnification to Mack for one-half of the verdict or $55,000 and entered judgment for Mack against Montgomery Ward in that amount.

Mack and Montgomery Ward are joint tortfeasors, so declared by the jury. At common law, a joint tortfeasor was not entitled to indemnity, which shifts the

---

[1] Restatement (Second) of Torts §402A (1965).

entire loss from one to the other; nor was he entitled to contribution, which distributes the loss among tortfeasors. Pennsylvania now allows contribution by statute.[2] That statute did not affect the question of indemnity, which in Pennsylvania evolves from case law.

In *Burbage v. Boiler Engineering & Supply Co.*, 433 Pa. 319, 249 A.2d 563 (1969), a boiler manufacturer was held entitled to indemnity from the manufacturer of a valve sold as a replacement unit for a boiler already in operation on the basis that the responsibility for discovery and prevention of the defect lay solely with the valve manufacturer. The personal injury suit against the boiler manufacturer and its suit against the valve manufacturer as additional defendant were submitted to the jury on the theory of strict liability under §402A of the Restatement (Second) of Torts. Concerning indemnity, the Court said in its opinion: "The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by law to an injured party. The right to indemnity enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence but rather on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule

---

[2] Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P. L. 1130, 12 P.S. §§2082-89.

of statutory or common law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A. 2d 368 (1951)." *Id.* at 326-27, 249 A.2d at 567.

For many years Pennsylvania courts have given indemnity in numerous situations absent an express contract of indemnity. Many of those situations are enumerated in *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951), a case relied upon in *Burbage.* We will not repeat them other than to point out the familiar cases where an employer may get indemnity from his employee when the employer has been held liable to a third person for a tort committed by his employee, and where the municipality held liable for a defective sidewalk injury may recover from the abutting property owner. In many of those cases the liability of the indemnitor to the third person is termed primary and that of the indemnitee to the third person is termed secondary. In some cases, the one receiving indemnity has been said to be guilty only of passive neglect while the other was said to have been the active wrongdoer. As times change and relations become more and more complicated, it becomes increasingly difficult to find magic words to encompass every situation. As has been said by one writer: "[T]he duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other."[3]

It becomes apparent that each case must rest on its own facts. As this case was submitted to the jury, emphasis was placed on the condition of the rim. There was no proof that the tire itself was defective and the count against Montgomery Ward, the seller of the tire, under §402A of the Restatement (Second) of Torts was

---

[3] W. Prosser, The Law of Torts 313 (4th ed. 1971).

dropped. In determining Montgomery Ward's negligence the jury was told to consider "the mounting of tires on the rim, the condition of the rim, the rust condition, whether proper steps were taken to remove the rust; if you consider that the rim was defective or rusty, whether or not there were procedures which should have been followed and were not followed; whether or not these conditions made it impossible for the tire to fit as it should upon the rim; . . . ." Mack's liability was absolute if the tire-rim assembly was defective when it sold the tractor. This liability was imposed by a rule of law set out in §402A and adopted as the law of Pennsylvania in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

The appellant objects to the holding of the lower court, in granting indemnity, that Montgomery Ward created the defect—contending factually that the rim was already defective when delivered to Montgomery Ward for the installation of new tires. Without conceding that the lower court's holding encompasses a finding that the rim was not defective when delivered to Montgomery Ward, we come to the same conclusion in either case. Whether or not the rim was defective when the tractor was delivered to Montgomery Ward, Mack's liability arose from a rule of law. Any actual fault attributable to Mack lay in its failure to discover the defect. Montgomery Ward's liability arose because it negligently mounted a new tire on a defective rim, thus creating a dangerous condition. It would seem that the defect in the rim was concealed from Mack by a tire, both before and after the new tire was installed. When Montgomery Ward installed the new tire, it was necessary to remove the old tire from the rim. Its negligence at that time lay in mounting the tire on a rim of whose defective nature it was or should have been aware. In so doing it effectively sealed off any oppor-

tunity Mack might have had to inspect. Mack's fault, if any existed, lay in failing to discover or prevent the misconduct of Montgomery Ward. The greater duty of Montgomery Ward justly requires it to bear the whole burden as between it and Mack.

The decision of the United States Court of Appeals for the Third Circuit in *Tromza v. Tecumseh Products Co.*, 378 F.2d 601 (3d Cir. 1967), in which the Court applied Pennsylvania law, is persuasive. Tromza recovered a verdict in his personal injury action against Tecumseh Products Co. and Marquette Corp. Marquette's cross-claim for indemnity against Tecumseh was not submitted to the jury but reserved for the district court, which decided against Marquette. The circuit court of appeals reversed, holding Marquette entitled to indemnity.

Tecumseh manufactured and sold to Marquette a sealed compressor refrigerator unit which Marquette incorporated in a refrigerator which it manufactured. The compressor casing exploded when Tromza, a repairman, subjected the refrigerator to a pressure of 170 lbs. The cause of the explosion was a defect in the weld of the casing. The case was submitted to the jury on the theory that Tecumseh was negligent both in manufacturing the compressor unit and in failing to discover the defect by proper inspection and that Marquette was negligent in failing to make a proper test or inspection of the unit. As to Marquette, it was shown that the customary industry practice was to submit an assembled refrigerator to a pressure of 235 to 250 lbs. while Marquette made only a 195 lb. test.

After quoting from *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951), the Court applied the principles of that case to find that Tecumseh was primarily responsible and Marquette secondarily responsible. It said that Tecumseh was responsible for manu-

facturing a defective unit and failing to detect the defect by proper inspection and that Marquette's liability arose because it failed to discover or correct a defect or remedy a dangerous condition caused by Tecumseh.

*Tromza* is of course distinguishable from this case. In *Tromza*, Tecumseh manufactured the defective compressor unit and it might be argued that its primary duty was higher than that of Montgomery Ward who may have received a rim already defective. However, we view the secondary duty of Mack to inspect as considerably less than the duty of Marquette to test. The similarity in the two cases lies in the wide disparity in the duties owed by the two defendants in each case and justifies the imposition of the burden on the one having the higher duty.

The subject of indemnity between tortfeasors is dealt with in the Restatement of Restitution. Section 95 of that Restatement,[4] which has been cited by us with approval,[5] favors the grant of indemnity in the situation before us. That section reads as follows: "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition."

Even if it be argued that Montgomery Ward did not create the dangerous condition, it was Montgomery

---

[4] Restatement of Restitution §95 (1936).

[5] *Goerges v. Reading Co.*, 162 Pa. Superior Ct. 475, 58 A.2d 191 (1948). The section was also cited, with apparent approval, in *Helz v. Pittsburgh*, 387 Pa. 169, 127 A.2d 89 (1956).

Ward's duty as between it and Mack to make the condition safe. There is no evidence that Mack ever discovered the danger prior to the sale of the truck and the question of acquiescence does not arise.

Judgment affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County against an additional defendant for indemnification.

On June 16, 1967, plaintiff below, Samuel Mixter, purchased a used tractor from Mack Trucks, Inc., the appellee. While removing a tire, plaintiff sustained serious injuries when the tire-rim-ring assembly exploded. As a result of this accident, plaintiff instituted suit against Mack contending that the tractor was in a defective condition thereby causing plaintiff's injuries. Mack joined as additional defendant, Montgomery Ward & Company, Inc., the appellant herein, alleging in its third-party complaint that liability rested with Montgomery because it had mounted the tires in a negligent fashion thereby causing the defective condition to arise.

The case against Mack was submitted to the jury on the strict liability of a seller under §402A of the Restatement of Torts (Second) and against Montgomery Ward on common law negligence. While it was evident at trial that some defective condition did exist, the exact cause or nature of the source of that defect was not determined. Each party submitted contradicting testimony placing responsibility on the other. The net result was that the trial court, at the close of testimony, submitted to the jury instructions that it could find the defendants, individually or jointly liable on various factual theories.

The portion of the Charge of Court which dealt with causation and duty read:

"Now, we said one thing, you have to determine is whether or not the tire-wheel-rim assembly—not the tire—was in a defective condition when it was sold. . . . The elements which the plaintiff must prove in a case of strict liability . . . is, first, a defective and unreasonably dangerous condition on the product, the defendant's product, in this case, the truck, . . . that is that he sold the truck to the plaintiff. . . . There is no need to determine whether there was any negligence on the part of Mack Trucks. The only issue is whether or not the truck was in defective condition at the time, which made it unreasonably dangerous, and that as a result of such condition, injury came to the plaintiff. . . .

"Now, when we discuss the case against Montgomery Ward, the situation is different. . . . [Y]ou will determine whether or not what was done . . . was negligent . . . under the circumstances. The factors which you will consider in this case will be all of the elements pertaining to, as you heard it from the various witnesses, the mounting of tires on the rim, the condition of the rim, the rust condition, whether proper steps were taken to remove the rust; if you consider that the rim was defective or rusty, whether or not there were procedures which should have been followed and were not followed; whether or not these conditions made it impossible for the tire to fit as it should upon the rim; and whether or not, as a result of these things and all of these various conditions, injury resulted to the plaintiff.

"Now, in this case we have two defendants, as I have pointed out. Mack Trucks was the original, and Montgomery Ward was the additional defendant brought on by Mack Trucks. You may find that the accident was not caused solely by the acts of either

Montgomery Ward or Mack Trucks, that it was not caused solely by the negligence of Montgomery Ward or by reason of any defective condition in the assembly when it was sold, but that their acts occurred together in such a manner that the accident could not have happened but for the acts of both. You are instructed, when such acts—negligence and strict liability—of two or more persons occur concurrently to produce the injury to another, each of the defendants may be liable, and you may then return a verdict in favor of the plaintiff and against both defendants, if you so find."

The jury returned a verdict against both Mack and Montgomery Ward in the amount of $135,000. By stipulation, the parties agreed to reduce the award to $110,000 to be shared equally by the defendants. The defendants further agreed that the question of indemnification should be submitted to the court solely on the trial record. Therefore the trial judge awarded full indemnification to Mack and entered judgment against Montgomery Ward.

In so awarding, the trial court noted that the jury returned a general verdict, making no specific findings of fact with regard to either party. Nevertheless, the trial court concluded: *"Interpreting the jury's verdict consistent with the issues submitted to them through the instructions of the Court, the jury found that Mack sold the truck to Mixter in a defective condition, that the defect was in the front right tire and rim assembly and that the defect was created through the negligence of Montgomery."* (Emphasis supplied)

The general verdict of the jury, in the instant case, was not of such a character as to determine the right of indemnity as a matter of law. An examination of the record and the instructions to the jury discloses that the jury could have drawn any number of permissible inferences. In essence, on the basis of the

charge and the facts presented, the jury could have found both Mack and Montgomery Ward to have contributed to the defective condition so as to make them jointly liable.[1]

It is true, as the Majority states, that the seller of a defective product is strictly liable to the injured consumer under §402A. Liability is imposed without a finding of negligence or any wrongful conduct on the part of the seller. Section 402A is, however, a means of avoiding the difficult and sometimes impossible burden on a plaintiff to prove negligence on the part of a seller or manufacturer. While the burden of showing negligence is eliminated, this does not mean that a seller of a defective product is necessarily without fault or free of negligence. While the degree of proof is lessened as between the plaintiff and the seller-defendant, such is not the case as between the seller and a third-party defendant seeking indemnification.

It has always been the law that the right of indemnity "enures to a person who, *without active fault* on his own part, has been compelled by reason of some legal obligation to pay damages occasioned by the initial negligence of another and for which he himself is only secondarily liable." (Emphasis supplied) *Builders Supply Co. v. McCabe,* 366 Pa. 322, 325, 77 A. 2d 368 (1951) ; see also, *Burbage v. Boiler Engineering & Sup-*

---

[1] In the case of concurrent or joint tort-feasors having no legal relation to one another, each of them owing the same duty to the injured party and involved in an accident in which an injury occurs, no right of indemnity exists, and there is only common law liability, even though one may have been much more negligent than the other. *Builders Supply Co., infra.* While a joint tort-feasor may be entitled to contribution, he may not recover on an indemnity theory unless there is some special legal relationship and the liability of one party to the plaintiff arises solely by reason of said relationship and not for any wrongdoing on his part (e.g., master-servant relationship).

*ply Co.,* 433 Pa. 319, 249 A. 2d 563 (1969). Secondary as distinguished from primary liability may be said to rest "upon a fault that is *imputed or constructive only,* being based on some legal obligation between the parties or arising from some positive rule of statutory or common law." (Emphasis supplied) *Burbage,* supra at 327.

I would not hesitate to join with the Majority in affirming the judgment of the lower court if the jury had specifically determined that the defect did not arise from Mack's negligence. The conclusion that Mack's liability was merely one imposed by some "legal obligation" or from some "positive rule" could then be determined as a matter of law. Here, there was not such a determination and nothing from which a judge could say appellee was "without active fault". It was sheer speculation on this record to interpret the general verdict in such a manner. This was not a case where the evidence indicated an innocent manufacturer selling a defective product which defect had been created by a third party.

By agreement, the lower court was to decide appellee's motion for indemnification on the record as submitted. While this empowered the trial judge to award indemnification if the record reflected that appellee was "without active fault", this does not mean that parties may stipulate to empower the court to make such a speculative determination. If the record did not affirmatively establish that appellant was primarily liable and appellee secondarily liable *solely* by virtue of a legal obligation, appellee was not entitled to said relief as a matter of law. *Builders Supply,* supra. In such a case, appellee has not met its burden to prove that it was entitled to indemnification from the additional defendant.

In those cases where indemnification has been granted, our courts have cited with approval the Restatement of Restitution §95, which provides: "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition." See, *Helz v. Pittsburgh*, 387 Pa. 169, 127 A. 2d 89 (1956); *Diehl v. Fidelity-Philadelphia Trust Co.*, 164 Pa. Superior Ct. 524, 67 A. 2d 592 (1949).

By holding both Mack and Montgomery Ward liable, without specifying whether Mack was negligent in any way or whether the defect arose solely because of Montgomery Ward's negligent repairs, the jury left open the question of Mack's wrongful acts. As Mack agreed to submit the question of its right of indemnity solely on an inconclusive record, it failed to meet its burden of proof in demonstrating that the defect arose through the negligence of Montgomery Ward *alone*.

On this state of the record, the verdict of the jury placing joint responsibility on both defendants must stand. As the parties have satisfied the judgment by paying the amount of $110,000 in equal shares, there is no issue remaining to be determined.

The order and judgment of the lower court granting indemnification to Mack should be reversed.

SPAULDING, J., joins in this dissenting opinion.