Benjamin **DORWARD**

v.

**CONSOLIDATED RAIL CORPORATION and Quick Service Taxi Company, Inc.**

**Civ. A. No. 80–0469.**

United States District Court, E. D. Pennsylvania.

Oct. 3, 1980.

Mitchell A. Kaye, Richter, Syken & Ross, P.A., Philadelphia, Pa., for plaintiff.

Stanley S. Frazee, Jr., Philadelphia, Pa., for Consol. Rail.

Philip B. Silverman, Philadelphia, Pa., for Quick Service.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Whether the Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.-101 et seq. (Purdon Supp.1980), which abolishes tort motor vehicle liability, precludes indemnification from one who causes a motor vehicle accident for liability incurred independently under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., (FELA) as a result of that accident forms the locus of inquiry presented by the instant motion to dismiss by third–party defendant, Quick Service Taxi Company (Quick Service). Plaintiff, an employee of defendant Consolidated Rail Corporation (Conrail), was a passenger in a motor vehicle owned and operated by Quick Service, which transported Conrail employees between Fogelsville and Allentown, Pennsylvania, pursuant to an agreement between them. On one particular occasion Quick Service struck the rear end of a stopped car; this accident caused the injuries for which plaintiff now seeks redress. Plaintiff brought suit against Conrail under FELA in February 1980. Quick Service argues that plaintiff's medical expenses fail to meet the de minimis requirement of $750 required by the no–fault statute and that, therefore, Conrail cannot recover indemnification. See 40 P.S. § 1009.301(a)(5)(B).

■ A railroad's right to recover indemnity from a third party for liability incurred under FELA depends upon state law. Eades v. Union Railway Co., 396 F.2d 798 (6th Cir. 1968), cert. denied, 393 U.S. 1220, 89 S.Ct. 626, 21 L.Ed.2d 564 (1969), Brenham v. Southern Pacific Co., 328 F.Supp. 119 (W.D.La.1971), aff'd, 469 F.2d 1095 (5th Cir.), cert. denied, 409 U.S. 1061, 93 S.Ct. 560, 34 L.Ed.2d 513 (1972). Pennsylvania law, recognizing the right of indemnity as a wholly distinct and legally cognizable cause of action, Globe Indemnity Co. v. Agway, Inc., 456 F.2d 472 (3d Cir. 1972), Baltimore & Ohio Railroad v. Alpha Portland Cement Co., 218 F.2d 207 (3d Cir. 1955), describes it as one

> which enures to a person who, without active fault on his own part, has been compelled by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable . . .

Builders Supply Co. v. McCabe, 366 Pa. 322, 325, 77 A.2d 368 (1951). See also Burbage v. Boiler Engineering & Supply Co., 433 Pa. 319, 249 A.2d 563 (1969) and Pennsylvania Railroad v. Sun Oil Co., 383 Pa. 537, 119 A.2d 221 (1956). Both the nature of the legal obligation owed by the wrongdoers to the injured party and the difference in the character of the wrongs distinguish primary from secondary liability, which rests upon imputed or constructive faults arising from some legal relationship between the parties or positive statute or rule. Builders Supply Co. v. McCabe, supra, Burbage v. Boiler Engineering & Supply Co., supra.

■ In the case at bar Conrail's liability arises from breaching its statutory duty to provide plaintiff with a safe place to work. Accepting as true for present purposes the allegations of Conrail's third–party complaint, Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), Conrail may be entitled to indemnification from Quick Service. Pennsylvania's no–fault act will not apply to this effort for indemnification. If plaintiff had sued Conrail under the no–fault act, Conrail's rights might be so circumscribed. But plaintiff has sued Conrail under FELA, and whatever monies Conrail expends to satisfy that obligation forms the basis of its cause of action against Quick Service for indemnification. Conrail's claim is not a tort action derived from plaintiff's cause of action. Involvement of a motor vehicle accident in an indemnification suit does not trigger automatic applicability of the no–fault law. Suppose, for example, the following facts: A person riding with several state employees suffers injuries in an automobile accident, sues the driver and other passengers for $500 damages and alleges that they intentionally conspired to deprive him of his civil rights in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and 42 U.S.C.

§ 1985(3). The mere fact that the factual basis of his claim was an automobile accident would not incur application of the no–fault act to his civil rights suit. Similarly, the complaint could not be dismissed because the alleged damages did not exceed $750.

Confronted with factual situations and legal questions similar to the ones in the case at bar, two other courts have agreed with the conclusion reached here. In *Ross v. Penn Central Transportation Co.*, 433 F.Supp. 306 (W.D.N.Y.1977), the plaintiff, an employee of Penn Central, suffered injuries in an accident which occurred while he was a passenger in a motor vehicle owned by the third–party defendant (Dust), which regularly transported Penn Central employees according to an existing contract between them. Plaintiff brought suit under FELA against Penn Central, which then joined Dust as third–party defendant. Dust moved to dismiss. The court denied the motion and rejected Dust's argument that the New York no–fault act, N.Y. Ins.Law § 670 *et seq.* (McKinney), controlled. The court held that New York law recognized indemnification as a separate right of recovery. *See Margolin v. New York Life Insurance Co.*, 32 N.Y.2d 149, 344 N.Y.S.2d 336, 297 N.E.2d 80 (1973). Penn Central did not sue on behalf of its employee, but instead asserted its own right of recovery against the third–party defendant for indemnification. Thus, the New York no–fault law did not bar Penn Central's action against the third–party defendant.

Similarly, in *Penn Central Corp. v. Checker Cab Co.*, 488 F.Supp. 1225 (E.D.Mich. 1980), three employees of plaintiff Penn Central were passengers in a motor vehicle operated by defendant and involved in a collision which caused injuries to all three of them. Penn Central, after settling claims which the employees asserted against it under FELA, instituted suit to recover indemnification from defendant for these expenses. The court, rejecting defendant's argument that the Michigan No–Fault Act, Mich.Comp.Laws § 500.3101 *et seq.*, limited plaintiff's recovery, held that the no–fault statute did not bar plaintiff's suit for indemnification. The court emphasized that Penn Central did not assert a tort cause of action derived from its employees' right. Rather, Penn Central asserted its own cause of action recognized by Michigan law and sounding in equity to recover for direct pecuniary harm which it suffered due to defendants' negligence. *See Dale v. Whiteman*, 388 Mich. 698, 202 N.W.2d 797 (1972). In the case at bar Conrail asserts a similar, non–derivative right to which the Pennsylvania no–fault act does not apply.

In conclusion, the provisions of Pennsylvania's no–fault statute neither apply to nor limit the extent of defendant's right to indemnification. Disallowing this circumscription comports with the "universally accepted policy of assigning and imposing ultimate liability for negligence upon the person primarily responsible therefor". *Mueller v. Jeffrey Manufacturing Co.*, 494 F.Supp. 275 (E.D.Pa.1980). Assuming for present purposes the truth of Conrail's third party complaint that it was passively negligent, to hold Conrail solely liable for the injuries suffered by its employee contravenes this basic principle. *Cf. Mixter v. Mack Trucks, Inc.*, 224 Pa.Super. 313, 315, 308 A.2d 139 (1973) ("the duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other"). Finally, as the court noted in *Penn Central Corp. v. Checker Cab Co.*, 488 F.Supp. at 1233,

> the benefits of the No–Fault Act which offset the abolition of tort liability are in no way available to a party such as [Conrail] in this case. In the usual case, a person is entitled to insurance benefits under a no–fault statutory scheme without regard to fault. Thus, the drawbacks inherent in a fault insurance system, such as the risk of no compensation at all, significant delays, unpredictability and malapportioned benefits, do not present themselves. An insured under a no–fault system trades, by legislative mandate, the right to traditional tort recovery with its attendant risks for the right to certain, prompt consideration. [Quick Service] in

this case, however, wish[es] to impose on [Conrail] the limitations of the no–fault system where [Conrail] does not benefit from the system.

Accordingly, the motion of Quick Service to dismiss the third–party complaint will be denied.