Jasen, J.
The plaintiff slipped and fell upon a patch of ice located on a sidewalk which was part of an apartment complex *152 owned by defendant, New York Life Insurance Company (New York Life). At the time of the accide'nt, the sidewalk was clear of ice, except for this one patch which had formed as a result of a structural defect — a depression in the sidewalk. This defect had existed for several years prior to the accident.
Pursuant to the terms of a maintenance contract with New York Life, Park & Estate Maintenance, Inc. (Park & Estate) undertook, inter alia, to keep the walks of the apartment complex clear of snow and ice. The agreement did not, however, require Park & Estate to repair-structural defects in the sidewalk.
As a result of the fall, plaintiff brought an action for personal injuries against both New York Life and Park & Estate. Thereafter, New York Life served a cross complaint against Park & Estate, based upon common-law implied indemnity and contractual indemnity. The determination of the cross claim was, by stipulation of the parties, left to the Trial Judge.
At trial, the court dismissed plaintiff’s suit against Park & Estate at the close of plaintiff’s evidence. The jury found in favor of the plaintiff against New York Life, and the trial court dismissed New York Life’s cross complaint against Park & Estate. The Appellate Division affirmed, without opinion.
Two questions are raised upon this appeal—first, whether there is evidence in the record sufficient to justify the verdict in plaintiff’s favor on the main action; and, secondly, whether the court erred in dismissing New York Life’s cross complaint against Park & Estate.
Turning first to the main cause of action, we find that the record 'adequately supports the verdict in favor of the plaintiff against New York Life.
With respect to New York Life’s cross claim against Park & Estate, we agree that Park & Estate would not be liable to New York Life upon the common-law theory of implied indemnity, but we believe that the indemnity provision in the maintenance contract binds Park & Estate to indemnify New York Life.
The general rule is that a right of implied indemnification will arise in favor of one who is compelled to pay for another’s wrong. (28 N. Y. Jur., Indemnity, § 11, p. 27.) It follows, then, that since New York Life, and not Park & Estate, was found to be negligent in the main cause of action, New York Life cannot *153 recover from Park & Estate on the basis of common-law implied indemnity.[1]
As to contractual indemnity, there is a different rule. It has long been recognized that a party may protect itself from losses resulting from its liability for negligence by means of an agreement to indemnify.[2] The rule is restricted to the extent that indemnity provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms. (E.g., Kurek v. Port Chester Housing Auth., 18 N Y 2d 450.) That is not to say that the indemnity clause must contain express language referring to the negligence of the indemnitee, but merely that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement, and the surrounding facts and circumstances. (E.g., Levine v. Shell Oil Co., 28 N Y 2d 205, 211-212; Jordan v. City of New York, 3 A D 2d 507, 509, affd. 5 N Y 2d 723.)
The indemnity provision in question stated: “ The contractor [Park & Estate] hereby assumes entire responsibility and liability for any and all damage or injury of any kind or nature to persons whether employees or otherwise, and to property, including adjoining property caused by or resulting from the execution of the work or occurring in connection therewith, and agrees to indemnify and save harmless the owner, his agents, servants and employees from and against any and all claims, liability, loss, expense, damage or injury to persons and to property caused or occasioned directly or indirectly by the contractor or its work, or resulting from the use by the contractor, its agents or employees, of any materials, tools, implements, appliances, scaffolding ways, works, or machinery or other property.”
We conclude that the parties clearly expressed their unequivocal intention to have Park & Estate assume the entire risk of any liability arising from its work in removing snow and ice from the sidewalks, whether or not New York Life was negligent. (Cf. Centino v. Isbrandtsen Co., 11 N Y 2d 690, cert. den. sub nom. Universal Term. & Stevedoring Corp. v. Ibrandtsen Co., 370 *154 U. S. 912; Salamy v. New York Cent. System, 1 A D 2d 27; Puleo v. H. E. Moss & Co., 159 F. 2d 842 [2d Cir.].) This conclusion is based upon the broad and all-inclusive language contained in the indemnity agreement, and the fact that Park & Estate undertook to remove snow and ice from New York Life’s sidewalks and failed to carry out this undertaking.
That New York Life’s liability to the plaintiff was a result of Park & Estate’s failure to remove the ice is evident from the record. The accident was not due solely to the structural defect, for which New York Life was responsible—it was due to the concurrence of that structural defect with a slippery condition, for which New York Life was also responsible, but which Park & Estate had contracted to remove. Plaintiff did not catch his foot in the depression—he slipped on ice which had formed in the. depression on a sidewalk which Park & Estate had undertaken to clear. Since Park & Estate was in breach of its undertaking to remove snow and ice, we conclude that New York Life was entitled, under the language of the indemnity provision, to indemnification from Park & Estate for its liability to the plaintiff.
Accordingly, the order of the Appellate Division should be modified to the extent of allowing New York Life’s cross claim against Park & Estate.

. Dole v. Dow Chem. Co. (30 N Y 2d 143) is not applicable, as that case applies only to apportionment of damages among joint or concurrent tort-feasors.

. We are here concerned solely with the shifting of losses resulting from one party’s liability for ordinary negligence, as distinguished from willful or gross negligence or for intentional torts.