### Benson *v.* Penn Central Transportation Co. (et al., Appellant).

Argued April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James P. McKenna, Jr.,* with him *Dickie, McCamey & Chilcote,* for appellant.

*Paul E. Moses,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This appeal is from the order of the Court of Common Pleas of Allegheny County, Civil Division, refus-

ing appellant's Frank O. Speelman, Inc., t/d/b/a Diamond Cab Company, motion for a new trial.

A verdict having been rendered after a jury trial in favor of the appellee, Moody J. Benson, against all three defendants we must consider all the evidence in the light most favorable to the appellee.

The facts in this case appear to be as follows:

Moody J. Benson, the appellee, was a trainman employed by Penn Central Transportation Company (hereinafter called Penn Central). On the night of April 9, 1969, he was at the Pitcairn Yards of his employer along with the other members of the crew to which he was assigned. He and the members of his crew were assigned a trip by the dispatcher to leave from the Conway Yards which was some miles away. It was the obligation of Penn Central to furnish transportation for the crew from Pitcairn Yards to Conway Yards so the dispatcher arranged for one of the appellant's cabs to pick up the crew and transport them.

On the way to Conway Yards, at a point on the Ohio River Boulevard where it intersects with Beaver Grade Road or the Haysville Intersection, the cab was involved in an accident with a vehicle driven by Edward Blakely and the appellee suffered injuries to his back.

It appears that the cab followed Blakely for several miles on the Boulevard until he turned right on a feeder road which almost paralleled the Boulevard. The cab proceeded on the Boulevard and when the traffic light turned green, the cab driver began to accelerate through the intersection when Blakely turned left and ran the light and struck the cab. Blakely was within the field of vision of the cab driver at all times and a warning that Blakely was coming out was shouted by the passengers, but to no avail.

The appellee filed suit against Penn Central under the Federal Employer's Liability Act and Edward

Blakely. Penn Central joined Diamond Cab as an additional defendant. The verdict was found against all three. The court below then had the jury mold the verdict to a lump sum and directed a verdict in favor of Penn Central against Diamond Cab in a like amount.

Diamond Cab in this instance was carrying out an operational activity of Penn Central and would be the agent of Penn Central and its negligence would be imputed to its principal, Penn Central. *Sinkler v. Missouri Pacific Railroad, Co.*, 356 U.S. 326, 78 S. Ct. 758, 2 L. Ed. 2d 799 (1958); *Leek v. Baltimore & Ohio Railroad Co.*, 200 F. Supp. 368 (1962). Diamond Cab would remain primarily liable for a judgment against Penn Central because of its negligence and a judgment over against it in Penn Central's favor is proper.

Negligence of the principal cannot be imputed to the agent. However, as appears to have been done here, the court below instructed the jury on the duty of Diamond Cab as a common carrier and on the motor vehicle rules and principles relevant to the case. He then instructed the jury as to Penn Central's obligation to furnish its employees a safe place to work under the Federal Employers Liability Act, §1 (45 U.S.C.A.) and approved the plaintiff's requested point as follows: "If you find that the railroad could have foreseen that injury in some form was likely to its employes because of the absence of seat belts in a vehicle it caused to transport such employes in the course of their employment and that the absence of seat belts was a cause, in whole or in part, of injury to the plaintiff, the railroad would be liable for such injuries and damages as the plaintiff sustained."

There is no requirement under the law which licensed or regulated the cab company as a common carrier to install seat belts or if furnished that they must be used; nor was there any federal act requiring same.

Penn Central had no authority to install seat belts in Diamond Cab Company vehicles or to demand that this be done by the cab company. Diamond Cab Company vehicles conformed with the law, were inspected and certified for operation. Penn Central by engaging the services of a reputable, regulated and certified common carrier exhibited sound judgment and to permit a jury to determine under these circumstances that Penn Central failed to furnish a safe place for the appellee to work was error requiring a new trial for Diamond Cab Company and Penn Central. *Carter v. Union Railroad Company*, 438 F. 2d 208 (3rd Cir. 1971).

Judgments against Frank O. Speelman, Inc. t/d/b/a Diamond Cab Company and Penn Central Transportation Company and its duly appointed trustees are vacated and they are granted a new trial as to liability alone.