William J. ROSS, Plaintiff,

v.

PENN CENTRAL TRANSPORTATION COMPANY, Defendant.

PENN CENTRAL TRANSPORTATION COMPANY, Third-Party Plaintiff,

v.

NORMAN DUST TRANSPORT, LTD., Third-Party Defendant.

No. CIV-75-427.

United States District Court, W. D. New York.

June 28, 1977.

Lankes, Semple & Waible, Buffalo, N. Y. (Gerard J. Lankes and E. Michael Semple, Buffalo, N. Y., of counsel), for William J. Ross.

Brown, Maloney, Gallup, Roach & Busteed, P. C., Buffalo, N. Y. (Joseph V. McCarthy, Buffalo, N. Y., of counsel), for Penn Central.

Brennan, Tesseyman, Zelman, Runfola & Brownstein, Buffalo, N. Y. (F. William Tesseyman, Buffalo, N. Y., of counsel), for Norman Dust Transport, Ltd.

CURTIN, District Judge.

The plaintiff in this action is an employee of the defendant railroad, the Penn Central Transportation Company (Penn Central). On December 16, 1974, the plaintiff was a passenger in a motor vehicle, owned by the third-party defendant, Norman Dust Transport, Ltd. (Norman Dust), which was involved in an accident. Plaintiff was injured and subsequently brought suit against the defendant Penn Central, alleging a cause of action under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* The Penn Central thereupon moved under Fed.R.Civ.P. 14 to serve a third party summons and complaint on Norman Dust. The court granted Penn Central's motion and Norman Dust has now moved to dismiss the third party complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction over the third-party complaint.

Penn Central alleges in its third-party complaint that Norman Dust was transporting plaintiff pursuant to an agreement between Penn Central and Norman Dust, that the motor vehicle was in the sole custody and control of Norman Dust and its employees, and that the injuries sustained by

the plaintiff were caused by the negligence of Norman Dust and its agents or employees. Penn Central alleges that it is free of any negligence and it seeks indemnity from Norman Dust for any liability on Penn Central's part that may be found owing to the plaintiff.

## I. Jurisdiction

■ There is no question that the court has jurisdiction over plaintiff's FELA claim against Penn Central. Norman Dust's argument that the court lacks jurisdiction over the third party complaint is unpersuasive. In *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959), the court was faced with a similar question. There, the plaintiff sued the defendant Long Island Railroad under FELA alleging that the Railroad had negligently caused the death of her intestate, a brakeman. The Railroad asserted a third-party action under Fed.R.Civ.P. 14 against a lumber company, alleging that the brakeman's death was due to the lumber company's fault. Holding that the court had jurisdiction over the third-party action, the Second Circuit stated:

> The great weight of authority amongst the federal district courts is to the effect that when federal jurisdiction over the subject-matter of the main action once attaches the court has ancillary jurisdiction to decide a third-party dispute growing out of the same core of facts and hence within the scope of the Rule even though the dispute, separately considered, is lacking in the attributes of federal jurisdiction. *Dery, supra,* 265 F.2d at 807.

Following the reasoning of the court in *Dery*, I find that this court has jurisdiction over the third-party action in this case.

## II. Motion to Dismiss

■ On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must take as true the allegations of the complaint. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Heit v. Weitzen*, 402 U.S. 909, 913 (2d Cir.), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969). As previously explained, Penn Central alleges in the third-party complaint that it had an agreement with Norman Dust under which Norman Dust would transport Penn Central employees to job sites, that Penn Central was without negligence in the accident which injured the plaintiff, and that the plaintiff's injuries were due to the negligence of the third-party defendant, Norman Dust.

■ Although the plaintiff's action against Penn Central is controlled by the federal statute, the third-party action is controlled by state law. *Alabama Great Southern R. R. Co. v. Chicago & Northwestern Ry. Co.*, 493 F.2d 979, 983 (8th Cir. 1974); *Grunenthal v. Long Island R. R. Co.*, 388 F.2d 480, 482 (2d Cir.) reversed on other grounds, 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed.2d 309 (1968); *Ratigan v. New York Central R. R. Co.*, 291 F.2d 548, 553 (2d Cir. 1961), *cert. denied*, 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89 (1961). Norman Dust argues that since the accident involved a motor vehicle, this case is governed by the New York State "no fault" statute, New York Insurance Law § 670 *et seq.* (McKinney's Supp.1977). Norman Dust points particularly to New York Insurance Law § 673(1) which provides:

> Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

Since the third-party complaint fails to allege specifically, as required by N.Y.C.P. L.R. 3016(g)(McKinney's Supp.1977), that plaintiff suffered a "serious injury" or loss greater than "basic economic loss", Norman Dust argues that no claim has been stated under the New York no fault statute, which Norman Dust claims is the exclusive avenue for recovery in automobile accident cases in New York State.

■ The crucial question in this case is the applicability of New York's no fault

statute to these particular facts. N.Y. Ins.Law § 671(10) defines "covered person" to mean

> any pedestrian injured through the use or operation of, or any owner, operator of occupant of, a motor vehicle which has in effect the financial security required by articles six or eight of the vehicle and traffic law or which is referred to in subdivision two of section three hundred twenty-one of such law; or any other person entitled to first party benefits.

Although the plaintiff and Norman Dust are "covered persons" under this definition, Penn Central is not. Therefore, while it is true that the plaintiff's action is "for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state," the third-party action is not "by or on behalf of a covered person against another covered person."

■■■ New York courts have consistently held that indemnity rests upon the principle that the true wrongdoer should bear the ultimate burden of payment, *Margolin v. New York Life Ins. Co.*, 32 N.Y.2d 149, 344 N.Y.S.2d 336, 297 N.E.2d 80 (1973), and that a cause of action for indemnity may be based on either an expressed or an implied contract of indemnity, *Taft v. Shaffer Trucking, Inc.*, 52 A.D.2d 255, 383 N.Y.S.2d 744 (4th Dept. 1976).

■■■ Under the New York rule of implied contract of indemnity, a right of implied indemnification arises "in favor of one who is compelled to pay for another's wrong." *Margolin, supra*, 32 N.Y.2d at 152, 344 N.Y.S.2d, at 338, 297 N.E.2d at 82. In bringing its claim for indemnification, Penn Central is not suing on behalf of Ross but is asserting its own separate right of recovery under the theory of indemnification against Dust Transport for any damages it may have to pay to Ross because of the accident. *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 152, 331 N.Y.S.2d 382, 390, 282 N.E.2d 288 (1972). Thus, the Penn Central claim is not barred by New York Insurance Law because it is not an action by or on behalf of a covered person against another covered person.

Norman Dust's motion to dismiss the third-party complaint for lack of jurisdiction and failure to state a claim upon which relief can be based is denied.

So ordered.