■ STEPHEN VANEK, Respondent, v FIFTH AVENUE MANAGEMENT ASSOCIATES, Appellant and Third-Party Plaintiff-Respondent. A. BEST CONTRACTING Co., Third-Party Defendant-Appellant.—Judgment, Supreme Court, New York County, entered on March 12, 1979, affirmed. Plaintiff-respondent shall recover of appellants one bill of $75 costs and disbursements of this appeal. Concur—Fein, Sandler and Markewich, JJ.

Birns, J. P., and Bloom, J., dissent in part in a memorandum by Bloom, J., as follows: We are all in agreement that absolute liability was imposed under section 240 of the Labor Law upon all "contractors and owners and their agents" to furnish scaffolds which shall be so constructed, placed and operated as to give proper protection to persons employed by them *(Haimes v New York Tel. Co.,* 46 NY2d 132; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290). There is, therefore, no question as to the liability of the owner, Fifth Avenue Management Associates. Similarly, we are all in accord that it was proper for the owner to seek recoupment from the contractor which, in fact, supplied the scaffold. "While the duty imposed * * * may not be delegated, the burden may be shifted to the party actually responsible for the accident" *(Allen v Cloutier Constr. Corp., supra,* p 301). Inasmuch as the injuries flowed solely from the acts of the third-party defendant, it must bear the ultimate responsibility therefor *(Rogers v Dorchester Assoc.,* 32 NY2d 553). Our sole point of difference with the majority flows from the jury's damage award of $150,000. As a result of the fall of the scaffold, plaintiff suffered a fractured left ankle with traumatic synovitis and an abrasion and laceration of the right axillary region. Abduction indicated some resulting limitation of the movement of the right shoulder. There was no limitation of the movement of the ankle. Plaintiff received emergency treatment at Elmhurst Medical Center and was confined to Valley Hospital at Ridgewood, New Jersey. His medical expert testified that, as a result of the ankle fracture, plaintiff was left with a slight limp. However, he conceded that, with proper exercises the movement of the shoulder would improve and that the slight limp would subside, at least in part. The accident occurred on May 12, 1976. Plaintiff returned to work full time on August 26, 1976, 15 weeks thereafter. His special damages consisted of hospital expenses of $632.50, physician's services amounting to $850, medical supplies of $75, and lost earnings of $5,525, a total of $7,082.50. In these circumstances the award of $150,000 was inordinately high. A fair valuation of the injuries suffered would be $75,000. Accordingly, I would reverse and remand for a new trial on the issue of damages only unless, within 30 days after service of a copy of the order to be entered herein with notice of entry thereof, plaintiff shall file in the office of the clerk of the trial court, a stipulation consenting to reduce the verdict to the sum of $75,000 and to the entry of an amended judgment in accordance therewith. In the event that plaintiff shall so stipulate, I would affirm the judgment as so amended, without costs or disbursements.