OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the cross complaint dismissed, with costs.
The record developed at trial reveals no evidence connecting defendant Midtown Neon Sign Corp. with the accident. Under the indemnification clause in the service contract between defendant Arlen Realty & Development Corp., doing business as Korvettes, and Midtown, the latter only agreed to assume “the entire responsibility and liability for any and all injury or death of any and all persons * * * caused by or resulting from or arising out of any act or omission on the part of the Contractor or in connection with [the] contract or of the prosecution of the work [thereunder] .” Although Midtown thus undertook a rather broad obligation to save Korvettes harmless from liability, it did not agree to become an insurer against all liability arising out of accidents involving the sign, whatever the cause.
The maintenance contract obligated Midtown to “provide all the required labor, material and appurtenances to satisfactorily maintain signs” at specified locations. The testimony at trial showed that Midtown assumed no obligation to inspect the sign but only to respond to service calls from Korvettes. While Midtown did service some electrical components of the sign, there was no evidence that Midtown serviced or was requested to service the block letter that fell from the sigñ and produced the injuries for which recovery was sought. The record is barren of any evidence that Midtown breached a duty owed to Korvettes under the maintenance agreement or that the accident arose in connection with the work performed under the contract (see *941 Lopez v Consolidated Edison Co. of N. Y., 40 NY2d 605; cf. Margolin v New York Life Ins. Co., 32 NY2d 149). The cross complaint against Midtown, therefore, should have been dismissed in its entirety. Since Midtown, the only party appealing here, has obtained full relief by the dismissal of the cross complaint, we need not and do not consider the issues raised with respect to the judgment in favor of plaintiffs against defendant Arlen Realty.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur in memorandum; Judge Wachtler taking no part.
Order reversed, etc.