■ ALLAN SCHACHNOVSKY, Individually and as Parent and Natural Guardian of RICHARD SCHACHNOVSKY, an Infant, Plaintiff, v TRANS WORLD AIRLINES, INC., Respondent, and EMPIRE AIRLINES, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered January 15, 1981 in Sullivan County, which denied defendant Empire Airlines, Inc.'s motion for summary judgment dismissing the cross claim of defendant Trans World Airlines, Inc. The action underlying this appeal is one for personal injuries alleged to have been sustained by the infant plaintiff. It is alleged that on January 2, 1979 the infant plaintiff sustained injuries when he became entangled in a baggage conveyor belt located in defendant Trans World Airlines, Inc.'s Kennedy Airport Terminal. At the conclusion of the examinations before trial, plaintiff discontinued his action against defendant Empire Airlines, Inc. (Empire) on the ground that the "installation, operation, control, supervision of the particular conveyor belt * * * was under the exclusive control" of TWA and not under the control of Empire. Thereafter, based on the testimony given at the examinations before trial, Empire made a motion for summary judgment seeking dismissal of TWA's cross claim against it. In opposition to this motion, TWA directed attention to a contract between it and Empire. Article 5 of this contract provided for indemnification of TWA by Empire for injuries "arising out of or connected with this Agreement and/or the performance, or failure to perform services hereunder". Special Term denied summary judgment, finding that issues of fact existed as to whether the accident involved in this action occurred within the scope of the agreement. This appeal ensued. It is undisputed that the infant plaintiff was injured between 11:00 P.M. and 11:30 P.M., and that the last Empire flight was at 6:30 P.M. Further, it is undisputed that the infant plaintiff had arrived on a TWA flight and wandered off while his mother and sister were attempting to purchase a ticket from Allegheny Airlines. On the other hand, TWA has asserted that it did not use this particular conveyor belt, but furnished it for the use of commuter airlines. And, the contract between TWA and Empire provided Empire with the nonexclusive right to use the subject area. It is

established that in order to hold one party liable for another's negligence, the intention to indemnify must be "clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" *(Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153; see, also, *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 158-159). In the present case, the agreement between TWA and Empire expressly states that the indemnification clause is to apply when injuries arise out of or are connected with the agreement or its performance. We agree with Special Term that it cannot be determined as a matter of law whether the accident involved herein occurred within the scope of this agreement. Order affirmed, with costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.