PER CURIAM.
Seaboard, defendant/third party plaintiff below, takes these consolidated appeals from the final judgments entered on its indemnity claims against the third party defendants. The third party action was determined by the court on the basis of the evidence adduced at the jury trial on the issue of liability in the main cause.
Seaboard had a contract with Econo Inn, Inc., d/b/a Runway Inn, whereby Econo provided lodging, and transportation to and from that lodging, for Seaboard employees. Keene, Stephenson, May and Collins were employees of Seaboard, serving as a train crew that “laid over” in Miami. These employees were being transported by van from the Runway Inn to work when the van was involved in an intersectional collision with a Randle-Eastern ambulance. The van was owned by Miami Airliner Corporation (which is wholly owned by Abdul Karim, the sole stockholder of Econo) and was being driven by a Runway Inn employee named Soorty.
The Seaboard employee named Keene filed suit against Randle-Eastern, its’ driver, and its’ insurer for common law negligence and against Seaboard under the FELA. The other Seaboard employees filed a similar action, and Soorty sued Ran-dle-Eastern. Seaboard filed third-party complaints for indemnity against Econo Inn, Miami Airliner Corporation, Abdul Karim, and the insurer of the van.
Upon various motions, the lawsuits of the Seaboard employees and of Soorty were consolidated for trial. Seaboard’s motion for a separate trial on the question of liability was granted. Seaboard and Econo stipulated that the third party claim for indemnity would be withdrawn from the jury’s consideration and decided by the court upon the evidence adduced at trial.
The jury returned its special verdicts, answering “yes” to the following question:
Was there negligence on the part of Seaboard. . . which contributed in whole or in part — even in the slightest — to injury to [plaintiff]?
The jury also found Randle negligent but said there was no negligence on the part of Soorty, which was the legal cause of damage. The jury further determined that Randle was 85% negligent, Seaboard was 15% at fault, and that the Seaboard employees were not guilty of any comparative negligence. .
We affirm. The record supports the findings that there was no negligence on the part of Econo and its’ employees that caused the injuries. It appears from the record that the injuries were caused solely by the negligence of Randle-Eastern, the active tortfeasor, and any indemnity action by the railroad should be against Randle-Eastern.[1]
*1085 Therefore the final judgments here under review are affirmed. Gunnell v. Largilliere, 46 Idaho 551, 269 P. 412 (1928); Strickfaden v. Green Creek Highway Dist., 42 Idaho 738, 248 P. 456 (1926).
Affirmed.

. As to the following authority cited by the appellant, we find they are distinguishable and not applicable: Penn Central Corporation v. Checker Cab Company, 448 F.Supp. 1225 (E.D. Mich.1980) and Ross v. Penn Central Transportation Company, 433 F.Supp. 306 (W.D.N.Y. 1977) were appeals from pretrial rulings (to wit: summary judgment and motion to dismiss respectively) and dealt with the question of whether or not the F. E. L. A. action was barred by the individual states no-fault insurance laws.
In Benson v. Penn Central Transportation Co., 228 Pa.Super. 45, 323 A.2d 160 (1974) the *1085 jury found all three parties liable, namely the railroad, the operator of the vehicle the plaintiffs were riding in, and the third party tort-feasor. The case was reversed and new trial as to liability was granted to the railroad and its agent, Diamond Cab on the basis of an erroneous jury instruction. The jury was instructed that if they found the absence of seat belts was a cause in whole or in part of the plaintiff’s injuries, the railroad would be liable.
In Leek v. Baltimore & Ohio Railroad Company, 200 F.Supp. 368 (N.D.W.Va.1962), there was no third party tortfeasor. The accident was a single vehicle accident involving the vehicle in which the plaintiffs were riding, which ran off the road. Thus, if there was any negligence, it would have to be on the part of the driver of the agent cab company.