■ RUSSELL WEAVER et al., Appellants, v JEROME LAZARUS et al., Respondents, et al., Defendants, and EAST COAST STEEL, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiff-Respondent, et al., Third-Party Defendant-Respondent. (Action No. 1.) LOUIS CALABRETTA et al., Appellants, v JEROME LAZARUS et al., Respondents, and EAST COAST STEEL, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant-Respondent. (Action No. 2.) — In actions to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Kartell, J.), dated July 12, 1982, as denied their motions for summary judgment on the ground that the defendants Lazarus, Rosmarin and Kanov, doing business as Merge Co., are absolutely liable under section 240 of the Labor Law. Order reversed, insofar as appealed from, on the law, with one bill of costs to appellants appearing separately and filing separate briefs, payable by defendants-respondents, and motions for summary judgment granted. The injured plaintiffs were bricklayers employed by the third-party defendant John Ruggiero, Inc., the masonry subcontractor of Jerome Lazarus, Jerry Rosmarin and Sol Kanov, doing business as Merge Co. (hereinafter defendant Merge), owners of the subject building that was under construction. On November 11, 1976, the injured plaintiffs were working on a scaffold work platform consisting of wooden planks erected on unsecured steel bar joists. The

scaffold work platform collapsed, causing them to fall and sustain serious injuries. Thereafter these actions were commenced by the injured plaintiffs and their wives to recover damages for personal injuries, loss of consortium, etc. The plaintiffs in both actions moved for summary judgment on the issue of liability against defendant Merge claiming that it was absolutely liable pursuant to section 240 of the Labor Law. That statute provides, *inter alia,* that all scaffolding shall be "so constructed, placed and operated as to give proper protection" to employees using it (Labor Law, § 240, subd 1). The injured plaintiffs claimed that while they were working on the scaffold it collapsed. An affirmation by defendant Merge's attorney was submitted in opposition, arguing that section 240 does not impose absolute liability, that plaintiffs failed to allege any negligence on the part of defendant Merge, and that on this basis, the motion should be denied. Defendant Merge did not deny plaintiffs' allegations as to the circumstances of the accident. An affidavit of defendant Merge's construction supervisor was submitted, establishing that he was aware of the danger of placing planks on the nonwelded, unsecured bar joists. Shortly before the accident, when he observed Ruggiero's men putting down the wooden planks, he warned Ruggiero's foreman of that danger but the foreman ignored the warning. Furthermore, defendant Merge argues that expert opinions indicate that the collapse was due either to faulty bar joists, or the failure to bridge the bar joists. Under either view, the evidence establishes that the scaffolding was "constructed, placed and operated" in such a manner as not to give proper protection, and defendant Merge, as owner of the premises, is absolutely liable under the statute for the injuries sustained. This liability may not be avoided by showing plaintiffs' fault or its own lack of fault (see *Haimes v New York Tel. Co.,* 46 NY2d 132; *Rea v Elia Bldg. Co.,* 79 AD2d 1102; *Pereira v Herman Constr. Co.,* 74 AD2d 531). Accordingly, under the circumstances of this case, the plaintiffs' motions for summary judgment on the issue of liability are granted pursuant to section 240 of the Labor Law against the executors of the estate of Jerry Rosmarin, deceased, Jerome Lazarus and Sol Kanov, doing business as Merge Co. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.