■ DOROTHY BRAUN, as Administratrix of the Estate of ANDREW BRAUN, Deceased, Respondent, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant, et al., Defendants. (And a Third-Party Action.)—In an action to recover damages for wrongful death, etc., the defendant Dormitory Authority of the State of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated April 29, 1985, as granted the plaintiff's motion for partial summary judgment on the issue of liability under the first three causes of action set forth in her supplemental verified complaint.

Order affirmed, insofar as appealed from, with costs.

The plaintiff's decedent Andrew Braun was a carpenter employed by the third-party defendant D & L Carpentry and Cabinet Making Corp. On February 22, 1984, while working on the construction of a building on property owned by the appellant, Andrew Braun suffered fatal injuries when the scaffolding upon which he was working collapsed, causing him to fall two stories. The plaintiff moved for partial summary judgment, claiming that the appellant is absolutely liable pursuant to Labor Law § 240 (1), (3) and § 241 (6). The evidence proffered by the plaintiff establishes a prima facie case of violation of Labor Law § 240 since it is unlikely that the scaffolding would have collapsed if properly constructed. The appellant does not deny the plaintiff's allegations as to the circumstances of the accident. That being so, there are no factual issues as to whether the scaffolding was "so constructed, placed and operated as to give [Andrew Braun] proper protection" (Labor Law § 240 [1]; *Weaver v Lazarus,* 93 AD2d 859; *Rea v Elia Bldg. Co.,* 79 AD2d 1102) and the appellant, as owner of the premises, is absolutely liable under § 240 for the injuries sustained *(see, Haimes v New York Tel. Co.,* 46 NY2d 132; *Kalofonos v State of New York,* 104 AD2d 75; *Crawford v Leimzider,* 100 AD2d 568). Nor may the imposition of liability pursuant to Labor Law § 240 be avoided by asserting the injured worker's contributory fault or assumption of risk *(see, Bland v Manocherian,* 66 NY2d 452; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521; *Crawford v Leimzider, supra).* Although the liability of a defendant under Labor Law § 241 (6) is determined pursuant

to general principles of negligence and is subject to the defense of comparative negligence *(Long v Forest-Fehlhaber,* 55 NY2d 154, 160; *Monroe v City of New York,* 67 AD2d 89), in light of our determination that the appellant is strictly liable pursuant to Labor Law § 240, we do not reach the additional issues raised with respect to the alleged violation of Labor Law § 241 (6) *(see, Kalofonos v State of New York, supra,* p 80, n).* Lastly, the appellant's contention that there is an absence of proof that the statutory violation, if any, was the proximate cause of the accident is without merit *(cf. Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.