■ WILLIAM J. GIRARDIN et al., Plaintiffs, v CITICORP et al., Respondents and Third-Party Plaintiffs-Respondents, TRAYNOR & HANSEN CORP. et al., Third-Party Defendants-Respondents-Appellants; H. SAND & CO., INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., the second third-party defendant H. Sand & Co., Inc. (hereinafter Sand) appeals from so much of an order of the Supreme Court, Nassau County (Pantano, J.), dated March 13, 1984, as (1) granted the defendants and third-party plaintiffs Citicorp and HRH Construction Corp.'s (hereafter HRH) motion for summary judgment and directed a hearing on the issue of attorney's fees, and (2) denied that branch of Sand's cross motion which was for summary judgment against the third-party defendant Traynor & Hansen Corp.

Appeals by Traynor & Hansen Corp. and The Marley Company dismissed for failure to timely perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]).

Order affirmed, insofar as appealed from.

Citicorp and HRH are awarded one bill of costs payable by Sand.

Special Term properly granted a summary judgment in favor of Citicorp and HRH against Sand based on the terms of the indemnification clause in Sand's contract with HRH. Therein, Sand, as subcontractor, agreed to indemnify both HRH, as the general contractor, and Citicorp, as the owner of the building under construction, for: "any and all liability, suits, actions, demands (just or unjust), any and all damages and any and all costs or fees on account of injuries to person or property, including accidental death, arising out of or in connection with the work, or by reason of the operations under this Agreement, whether such liability be the result of the alleged active or passive negligence of the Owner or Contractor, their agents, servants, employees or by reason of

any participation in the wrong or upon any breach of any statutory duty or obligation on the part of the Owner or Contractor, their agents, servants, employees or by reason of any participation in the wrong or upon any breach of any statutory duty or obligation on the part of the Owner or Contractor, its or their officers, agents and employees or any other person".

The above-quoted language unequivocally expresses Sand's intent to indemnify Citicorp and HRH even as to the losses resulting from the latter's own active negligence *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153; *Levine v Shell Oil Co.,* 28 NY2d 205, 210; *Kurek v Port Chester Hous. Auth.,* 18 NY2d 450, 456)* and their expenditure of attorney's fees *(see, Lavorato v Bethlehem Steel Corp.,* 91 AD2d 1184, 1185; *County of Nassau v Hartford Ins. Co.,* 79 AD2d 696).* Since Citicorp and HRH have made a sufficient evidentiary showing to establish that the underlying accident involving the plaintiff William J. Girardin occurred while he was working on the HRH-Sand contract, they were entitled to summary judgment against Sand based on the latter's contractual liability for indemnification.

Parenthetically, we note that Sand's argument to the effect that Citicorp and HRH should not be permitted to recover attorney's fees against it because Sand was entitled to be defended by the liability carrier for Citicorp and HRH is without merit. In the first instance, it is emphasized that Sand failed to produce sufficient evidence to establish that it had a right to be defended by the liability carrier for HRH and Citicorp. The record herein merely includes two pages of the subject liability policy which did not include the portion of the policy defining the term "subcontractor". Secondly, even assuming that Sand was covered by the terms of the liability insurance policy, Sand's failure to join the insurance carrier as a party to this action precludes this court from declaring Sand's rights under that policy.

Finally, that branch of Sand's cross motion which was for summary judgment against Traynor & Hansen Corp. based on common-law indemnity was properly denied. Traynor & Hansen was one of several companies engaged in work at the construction site in question. Thus, a determination as to the precise degree of fault attributable to Traynor & Hansen for the underlying accident involves issues of fact requiring a trial *(see, Kelly v Diesel Constr.,* 70 Misc 2d 686, 691-692, *affd* 42 AD2d 891, *affd* 35 NY2d 1, 6-7). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.