■ JOHN MORAN et al., Plaintiffs, v AJAX MAGNETHERMIC CORPORATION, Defendant and Third-Party Plaintiff-Respondent. V.A.W. OF AMERICA, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered March 19, 1986 in Ulster County, which denied third-party defendant V.A.W. of America, Inc.'s motion for summary judgment on its counterclaim.

On January 26, 1982, plaintiff John Moran, then employed by V.A.W. of America, Inc. (hereinafter V.A.W.), was injured while attempting to replace a damaged capacitor that was allegedly manufactured by General Electric Company and had been incorporated into a billet heater by Ajax Magnethermic

Corporation (hereinafter Ajax),* which Ajax sold to V.A.W. and installed pursuant to a written contract executed in 1973.

Moran and his spouse, derivatively, brought suit against Ajax based on theories of negligence and strict products liability. Ajax in turn instituted a third-party action against General Electric Company and V.A.W. seeking contribution and/or indemnification. V.A.W. moved for summary judgment claiming that Ajax had contractually agreed to indemnify it. Special Term found that the indemnification clause at issue was ambiguous on this point and deemed summary judgment inappropriate. This appeal ensued. We affirm.

The indemnification clause in question provided that: "The Seller shall save and hold the Purchaser harmless from and against all liability, claims and demands on account of personal injuries (including death), or property loss, or damage to others (including the Seller and employees and invitees of the Purchaser and of the Seller) arising out of or in any manner connected with the performance of this contract, and caused by the negligent or willful act or omission to act of the Seller, a subcontractor or materialman hereunder, or the employees or invitees of any of them, and the Seller shall at his own expense defend any and all actions based thereon and shall pay all charges of attorneys and all costs and other expenses arising therefrom. The Seller's liability hereunder shall be limited to the extent of its liability insurance which it represents to be in the amount of $5,000,000.00 and in no event shall Seller be liable for any consequential damages hereunder, including but not limited to loss of profits."

The guiding principles controlling the interpretation of contractual indemnity clauses were summarized in *Margolin v New York Life Ins. Co.* (32 NY2d 149, 153). There the Court of Appeals declared that "indemnity provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms", and further that although it is not important that the indemnity provision explicitly mention the negligence of the indemnitee, the intent to indemnify the indemnitee for its own negligence must be "clearly implied from the language and purposes of the entire agreement, and surrounding facts and circumstances" *(supra,* at 153). Here the criterion articulated in *Margolin* has not been met.

The liability Ajax, as the seller, assumed in this contract

---

* The complaint in this action incorrectly spelled Ajax's name.

was limited to injuries caused by "the negligent or willful act or omission to act of the Seller, a subcontractor or materialman hereunder, or the employees or invitees of any of them". Significantly, the buyer's conduct is not mentioned. Nor do the facts and circumstances surrounding the making of this agreement—admittedly only sparsely developed in the record since discovery has not yet been completed—suggest, at least at this stage of the proceedings, a conclusion contrary to that reached by Special Term. Since the indemnity provision's applicability is ambiguous, summary judgment was properly denied (see, *Schachnovsky v Trans World Airlines*, 84 AD2d 897). And *Girardin v Citicorp* (118 AD2d 754), adverted to by V.A.W., does not require a different result for the language in the indemnity clause there was not only broader, but precise and unambiguous.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.