■ JOSEPH LA LIMA et al., Appellants, v STANLEY EPSTEIN et al., Respondents. WETZEL CONTRACTING INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an

order of the Supreme Court, Kings County (Adler, J.), dated July 15, 1986, as denied their motion for partial summary judgment on the issue of liability under Labor Law § 240.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, and the motion is granted.

The plaintiff Joseph La Lima was injured when the plywood platform of the scaffold upon which he was working collapsed causing him to fall through the metal framework of the scaffold to the floor about six feet below. At the time of the accident, the plaintiff was employed as a carpenter by Wetzel Contracting (hereinafter Wetzel). He was in the process of installing an acoustical ceiling at the first floor restaurant premises of a building owned by Stanley Epstein. The restaurant premises were being renovated under the direction of the lessee, J.B.G. Restaurants (hereinafter J.B.G.), who had engaged D.V.H. Construction, Inc. (hereinafter D.V.H.) as a general contractor to carry out the renovation. In turn, D.V.H. had subcontracted with Wetzel for the installation of an acoustical ceiling and Sheetrock. The injured plaintiff and his wife sued the owner and lessee of the premises as well as the general contractor. D.V.H. then commenced a third-party action against the subcontractor Wetzel.

We find that the Supreme Court erred in denying the plaintiffs' motion for partial summary judgment on the issue of liability under the Labor Law against Epstein, J.B.G., and D.V.H. Labor Law § 240 (1) imposes a nondelegable duty upon the owner, the general contractor, and their agents, to provide scaffolding which is "so constructed, placed and operated as to give proper protection" to employees using it (Labor Law § 240 [1]; see, Crawford v Leimzider, 100 AD2d 568). The injured worker's contributory fault or assumption of the risk does not constitute a defense to the imposition of liability (see, Haimes v New York Tel. Co., 46 NY2d 132; Weaver v Lazarus, 93 AD2d 859). The plaintiff Joseph La Lima averred that he was injured when the wood platform of the scaffold collapsed beneath him and he fell through the framework of the scaffold. His prior inspection of the scaffold had revealed that the platform "was not screwed, bolted or fastened to the metal frame of the scaffold" and that the platform did not have any "metal reinforcement around the edge". In response, the defendant J.B.G. proffered the affidavit of one of its officers, Benjamin Ambalu, who had witnessed the accident. Benjamin Ambalu confirmed that the platform had collapsed causing the injured plaintiff to fall through the framework. However, he attributed the collapse of the platform to the injured plaintiff

having lost his balance and fallen on top of the platform. A review of the record reveals that none of the respondents disputed that a collapse of the scaffolding had occurred. Consequently, no issue of fact exists with respect to a prima facie violation of Labor Law § 240 (1) since the collapse would not have occurred if the scaffold had been properly constructed to give the injured plaintiff adequate protection *(see, Braun v Dormitory Auth.,* 118 AD2d 614; *see also, Weaver v Lazarus, supra).* Although the platform may have collapsed as a result of the injured plaintiff's loss of balance, this fact, even if true, does not suffice to raise a triable issue of fact because "contributory negligence is not a defense to a violation of section 240" *(Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485, 486; *see also, Wright v State of New York,* 66 NY2d 452, 458). Nor did the injured plaintiff's loss of balance constitute a superseding, intervening act since it is entirely foreseeable that a worker installing a ceiling while standing on a scaffold might lose his balance *(cf., Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Where, as here, the injured plaintiff meets his burden of establishing that the nondelegable duty to provide safe scaffolding was breached and that the breach was the proximate cause of his injuries, summary judgment resolving the issue of liability in the plaintiff's favor is appropriate *(see, Anarumo v Terminal Constr. Corp.,* 143 AD2d 616; *Linney v Consistory of Bellevue Ref. Church,* 115 AD2d 209, 210).

However, we cannot summarily resolve the various cross claims of the respondents and the third-party action, all seeking indemnification or contribution. Summary judgment on a claim for common-law indemnity or contribution is appropriate only where there are no issues of material fact concerning the precise degree of fault attributable to each party involved *(see, Girardin v Citicorp,* 118 AD2d 754; *see also, McGurk v Turner Constr. Co.,* 127 AD2d 526, 529). On this record, the ownership of the scaffold and relative degree of fault, if any, attributable to all the respondents constitute issues of fact requiring a trial of the cross claims and the third-party action *(Girardin v Citicorp, supra; cf., Vanek v Fifth Ave. Mgt. Assocs.,* 75 AD2d 559). Bracken, J. P., Lawrence, Spatt and Harwood, JJ., concur.