■ County of Nassau, Appellant, v Prudential Star Cleaning Contractors, Inc., Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Morrison, J.), entered July 15, 1987, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is granted and the defendant's cross motion is denied.

On March 26, 1976, the plaintiff County of Nassau and the defendant Prudential Star Cleaning Contractors, Inc. (hereinafter Prudential) entered into a contract wherein Prudential was to furnish the county with employees to work at the Nassau County Veterans Memorial Coliseum as ushers, ticket takers and maintenance personnel, etc. The contract was amended on April 15, 1976, and the indemnity provision therein was amended to provide that "Prudential agrees to indemnify and hold harmless the County against any and all claims of liability * * * arising out of all acts of Prudential's officers, employees, servants, or agents".

On March 14, 1977, Ms. Florence Castleberry Berg allegedly fell and injured herself while attending an event as a patron at the Coliseum due to the improper maintenance of a rug. Her negligence action to recover damages for personal injuries against the county and Prudential resulted in a jury trial and a verdict in her favor against both Prudential and the county, finding each 50% liable for the injuries sustained. Thereafter,

the parties settled the case for a total payment of $120,000 to the plaintiff therein, with each defendant to contribute $60,000. The stipulation preserved the county's right to proceed against Prudential for contractual indemnification.

Thereafter, the county moved for summary judgment and Prudential cross-moved for summary judgment dismissing the complaint. The court denied the county's motion and granted Prudential's cross motion upon the ground that the indemnity clause did not require Prudential to indemnify the county for the consequences of its own negligence and that such a promise, even if given, could well be void under the General Obligations Law.

We find that the parties' agreement clearly expressed an unequivocal intention to have Prudential assume the entire risk of any liability arising from the acts of its employees at the Nassau Veterans Memorial Coliseum, whether or not the county was negligent (see, Margolin v New York Life Ins. Co., 32 NY2d 149, 153).

Pursuant to the jury verdict in the underlying personal injury case, the accident arose from the negligence of both the county and Prudential, who were each found 50% liable. Since the indemnity clause, by its own terms, applies to any and all claims for injury arising from any act of Prudential's employees, it is clear that the indemnity clause requires Prudential to indemnify the county in this situation (see, Lopez v Consolidated Edison Co., 40 NY2d 605, 608-609; Vey v Port Auth., 54 NY2d 221, 226-227).

Moreover, General Obligations Law former § 5-322.1, in effect at the time of the execution of the contract and the underlying accident, precluded indemnity only against liability incurred as a result of the sole negligence of the indemnitee (see, L 1975, ch 408, § 1; Quevedo v City of New York, 56 NY2d 150). Consequently, the indemnity clause would not be violative of public policy (see, Margolin v New York Life Ins. Co., supra). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.