■ MARION V. EVINGTON, Plaintiff, v SYRACUSE EQUIPMENT COMPANY, Respondent, and COUNTY OF BROOME, Appellant, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Smyk, J.), entered May 17, 1990 in Broome County, which, *inter alia,* granted defendant Syracuse Equipment Company's cross motion for summary judgment on its second cross claim.

Defendant Syracuse Equipment Company tendered a written bid which was, as modified by defendant County of Broome and thereafter accepted by Syracuse Equipment, to provide the County with a street sweeper. The agreement contained the following indemnification clause which the County assertedly inserts into all its contracts: "[Syracuse Equipment] agrees to indemnify, defend and hold harmless the County of Broome from and against any and all claims, suits, damages, costs, lawsuits, and expenses in any manner resulting from, arising out of or connected with the said work done or goods furnished by [Syracuse Equipment]."

Plaintiff, who was allegedly injured when the car in which she was a passenger collided with the sweeper, commenced a personal injury action. The suit included a claim against the

County and Syracuse Equipment for damages reputedly caused by a County employee's negligent operation of the sweeper. Relying on the indemnification clause, the County moved for summary judgment seeking an order directing Syracuse Equipment to defend and indemnify it. Syracuse Equipment, which is named as a party defendant in the action because it owns the sweeper and is therefore allegedly vicariously liable for its operation (see, Vehicle and Traffic Law § 388), cross-moved for summary judgment on its second cross claim against the County, which sought to have the County indemnify it in the event plaintiff obtained judgment against it. Supreme Court denied the County's motion, but granted Syracuse Equipment's cross motion in its entirety. The County appeals.

At the outset, we note that the gravamen of the County's cross claim against Syracuse Equipment is rooted in negligence, and that a claim for contractual indemnification has not been pleaded. As the parties have not addressed this pleading deficiency in their briefs, which are limited to how the indemnification clause should be interpreted, we see no reason to do so.

Broadly speaking, where a contract provides that indemnification will be for any and all liability, no more evidence of intent is required to be shown (Levine v Shell Oil Co., 28 NY2d 205, 212). Application of this principle alone would warrant denial of Syracuse Equipment's motion for it agreed to hold the County harmless from "any and all claims * * * in any manner * * * connected with * * * goods furnished by [it]". That principle aside, we have also been instructed that a general promise to indemnify should not be read to include a duty which the parties did not intend to be assumed unless such an intent is clearly apparent from the language, purpose, surrounding facts and circumstances of the entire agreement (Hooper Assocs. v AGS Computers, 74 NY2d 487, 491-492).

Examining the instant contract from this perspective leads us to conclude that summary judgment is presently inappropriate. The contract's language is incongruous when it is considered in the context of the contractual objective of this particular agreement, namely, the leasing of equipment. Furthermore, the informality surrounding the contract's formation and the fact that the County provided liability insurance coverage for the sweeper suggest that Syracuse Equipment's promise to indemnify was not intended to embrace the County's active negligence. The record, which consists essentially of the conflicting interpretations of this letter agreement by the

parties, is insufficiently developed to enable us to determine with any assurance whether the parties intended the indemnity agreement to extend to the indemnitee's active negligence. Summary judgment is therefore unwarranted *(see, Kdidnasky v Cali Bldg. Co.,* 130 AD2d 817, 818; *Schachnovsky v Trans World Airlines,* 84 AD2d 897, 898), at least at this stage of the proceedings.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant Syracuse Equipment Company's cross motion for summary judgment; deny the cross motion; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.