Wai Cheung v 48 Tenants' Corp. (2021 NY Slip Op 01505)





Wai Cheung v 48 Tenants' Corp.


2021 NY Slip Op 01505


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 158886/13 Appeal No. 13362 Case No. 2020-01271 

[*1]Wai Cheung, Plaintiff,
v
48 Tenants' Corp., Defendant-Appellant, The Saint Faustina Revocable Trust, Defendant-Respondent.


Sobel Pevzner, LLC, New York (Curtis Sobel of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 13, 2019, which, to the extent appealed from as limited by the briefs, denied the motion of defendant 48 Tenants' Corp. (48 Tenants) for summary judgment on its cross claim seeking contractual indemnification, unanimously affirmed, without costs.
"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 595 [1st Dept 2014] [internal quotation marks omitted]). However, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty that the parties did not intend to be assumed" (id.). Here, the record does not conclusively establish that the 2009 amendment to the proprietary lease (amendment) containing the indemnification provision relied on by 48 Tenants was affixed to the proprietary lease signed by defendant the Saint Faustina Revocable Trust (the Trust), and its member's testimony does not specifically refer to the amendment. Therefore summary judgment was properly denied on this basis.
48 Tenants relies on Margolin v New York Life Ins. Co. (32 NY2d 149 [1973]) to assert that there is no question that the proprietary lease requires the Trust to indemnify it without a finding of negligence on the part of the Trust. However, the amendment does not include the "broad and all-inclusive language contained in the indemnity agreement" at issue in Margolin (id. at 154). Here, rather, the amendment's limitation to indemnification "for all losses, damages or fines" resulting from the Trust "requiring, permitting, suffering or allowing any work, decoration, alteration, repair, or upkeep of the Apartment . . . in violation of . . . the requirements of the aforesaid laws, ordinances, regulations and rules" does not unambiguously apply before any finding of negligence on the part of the Trust or before any damages have been imposed against 48 Tenants (Campos, 117 AD3d at 595 ["(w)here there is an ambiguity as to the meaning of a lease prepared by the landlord, the ambiguity should be resolved in favor of the lessee"]). Accordingly, 48 Tenants did not establish that it was entitled to indemnification by the Trust as a matter of law on this record. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021